UNITED STATES of America,
Appellee,

v.

Frank Samuel BONANO, Appellant.

No. 15883.

United States Court of Appeals
Third Circuit.

Argued Jan. 9, 1968.

Decided Feb. 13, 1968.

Angelo R. Bianchi, Lordi, Lordi & Bianchi, Newark, N. J., for appellant.

Donald Horowitz, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

■ Appellant was convicted of passing and uttering counterfeit money with intent to defraud and with keeping and concealing counterfeit money with intent to defraud, all in violation of Title 18 U.S.C. Section 472. He argues that the search of his car which revealed approximately two thousand dollars in counterfeit tens was improper. There was evidence that appellant met undercover Secret Service Agent Paschal in a Newark, New Jersey drug store for the purpose of selling him $2,000 worth of counterfeit money; that he told Paschal that he did not have the counterfeit money with him and said "Come out, I have it in the glove compartment of my car." Appellant was then arrested and taken to his car. At that time according to the Secret Service agents, they asked appellant if they could search his automobile and he said "Go ahead." Appellant testified on the motion to suppress the evidence of the counterfeit money found. He was asked if he consented to the search and he answered "Yes". He later changed his story. The trial judge held Paschal's testimony credible and that it justified the immediate search without a warrant; also that Bonano did give his consent to the search. We find that the search was reasonable and proper.

Appellant also attacks his conviction under the first count of the complaint because Paschal knew the money was counterfeit. The indictment charged that the counterfeit money was passed and uttered to Paschal with the general "intent to defraud". That language was not directed to Paschal as an individual at all. The latter was merely the channel used by appellant for his fraudulent purpose.

■ We note that appellant was sentenced to a prison term of three years on each count of the indictment (the sentence in each instance being less than the maximum of fifteen years) to run concurrently. We are satisfied that the conviction on the first count was proper but even if it were not, the error would not be reversible. Lawn v. United States, 355 U.S. 339, 359, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); United States v. Butenko, 384 F.2d 554 (3 Cir. 1967).

We are grateful to the appellant's assigned attorney for his conscientious and most competent representation.

The judgment of the District Court will be affirmed.